UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY M. ALLEN,

        **Plaintiff,**

        v.                                     Case No. 13-CV-585

CO BARKOVICH, DAVID JAECK,
STEVEN SCHUELER,
WARDEN MICHAEL DITTMAN,
SHARON HARTER, and MICHAEL TREADER,

        **Defendants.**

## ORDER

      Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $18.11.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual

2

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff was incarcerated at Redgranite Correctional Institution (RGCI) at all times relevant. Defendants are: Officer Barkovich, Nurse David Jaeck, Security Director Steven Schueler, Warden Michael Dittman, Unit Manager Sharon Harter, and Michael Treader.

According to the complaint, on October 18, 2012, plaintiff suffered diabetic low blood sugar symptoms. He notified an officer of his symptoms and the officer gave him a bag lunch. Shortly thereafter, defendant Barkovich started his shift and ordered plaintiff to go up the stairs to eat despite plaintiff's assertions that he was ill. Plaintiff asserts that he was dizzy, incoherent, and sweating. He followed Officer Barkovich's orders and went upstairs to his room at which time he passed out. His friend fed him some candy and notified a sergeant. Plaintiff was wheeled to the Health Services Unit, where defendant Nurse Jaeck gave him glucose tablets instead of measuring his blood sugar level. Plaintiff asserts that this was negligent because he was already going into a diabetic shock.

3

After the incident, plaintiff filed an offender complaint. The Inmate Complaint Examiner (ICE) Report states as follows:

> ICE reviewed Mr. Allen's complaint that says CO Barkovich showed a lack of regard for his health on 10/18/12. Complainant reports that his blood sugar was low and he was eating a snack bag in the dayroom and staff made him return to his cell. Complainant feels more concern for his health should have been given.
>
> ICE found no documentation of this inmate reporting low blood sugar in the unit log or in his medical chart. ICE contacted CO Lebron who provided the following information. Inmate Allen did report that he felt his blood sugar was low and he was provided some food from the unit servery. He was not given permission to remain in the dayroom to eat the food he was provided. This happened at the end of second shift. Staff indicates that oncoming staff was informed of his situation.
>
> After review and discussion with HSU Manager Doehling, the determination is made that more care should have been given in this instance. When an inmate reports that he is experiencing low blood sugar, HSU should be contacted. While it is this examiner's opinion that staff felt they appropriately addressed the complainant's medical need, it was not sufficient to provide a snack and then send him to his cell.
>
> Considering the above, the recommendation is made to affirm this complaint. A copy of this complaint will be provided to Security Director Schueler to follow with staff as deemed appropriate.

(Compl., Ex. 1 at 3.)

Plaintiff alleges that after his offender complaint was affirmed, he requested a transfer to another institution because he was concerned about harassment from staff. Defendants Treader and Harter denied his request and informed him that "writing up social workers and [officer] don't justif[y] a move even if ICE affirm." (Compl. at 5.) Plaintiff further alleges that defendant Schueler stated that he had a medical issue, not a security issue. Defendant Warden Dittman claimed that plaintiff's issue had been addressed "but took part in a systematic cover-up on falsifying my medical records by placing false blood

4

reading numbers, after he was notified and shown evidence that there was none." (Compl. at 4.)

Plaintiff claims that Officer Barkovich was deliberately indifferent to his serious medical need when he forced plaintiff to walk up stairs when he was experiencing diabetic low blood sugar, causing him to pass out. He also claims that Nurse Jaeck was negligent because he failed to take plaintiff's blood sugar reading and then tried to cover it up by forging a false reading. Plaintiff seeks monetary damages and injunctive relief.

Here, plaintiff states an arguable Eighth Amendment claim against Officer Barkovich. See Estelle v. Gamble, 429 U.S. 97, 103 (1976). He may also proceed on a supplemental state law claim against Nurse Jaeck based and Warden Dittman on allegations that Jaeck negligently failed to measure plaintiff's blood sugar level after the incident, and that Nurse Jaeck and Warden Dittman later falsified plaintiff's medical records to cover up the error. See 28 U.S.C. § 1367(a).

Plaintiff's remaining claims are not plausible. He bases a claim on allegations that defendants denied his request to transfer to another institution after the October 18, 2012 incident. Plaintiff sought transfer because he feared retaliatory harassment based on the affirmance of his offender complaint. He alleges his request was denied and he was told that he had a medical issue, not a security issue, and that he did not have a significant change in custody to transfer to another institution. In any event, it appears that his retaliation claims were speculative.

In sum, plaintiff may proceed on an Eighth Amendment deliberate indifference to a serious medical need claim against defendant Barkovich and a negligence claim against defendants Jaeck and Dittman. The remaining claims and defendants will be dismissed.

5

### Plaintiff's Motion for Appointment of Counsel

Plaintiff has filed a request for counsel. The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Here, plaintiff asserts that he has attempted to find an attorney on his own. However, the issues in the case at this stage are uncomplicated. Plaintiff is proceeding on two narrow claims against three defendants. Additionally, plaintiff has filed a detailed complaint and several motions. His filings in the case thus far reveal that he is competent to proceed on his own.

### Plaintiff's Motion to Take Filing Fee from Release Account

Plaintiff has filed a request to deduct all filing fees from his release account. When a prisoner's general fund has insufficient funds to pay filing fees, the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), authorizes the courts to order that the money in a prisoner's release account be made available for that purpose. Doty v. Doyle, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (citing Spence v. Cooke, 222 Wis. 2d 530, 537 (Ct.

App. 1998); Spence v. McCaughtry, 46 F. Supp. 2d 861 (E.D. Wis. 1999)). However, in this case, there is no indication that the plaintiff's general fund has insufficient funds to make payments under § 1915(b). Thus, his request will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Steven Schueler, Sharon Harter, and Michael Treader are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket 3) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order (Docket 8) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $331.89 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

8

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge