# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY M. ALLEN,

    **Plaintiff,**

    v.                                                Case No. 13-CV-585

CO BARKOVICH, DAVID JAECK,
and WARDEN MICHAEL DITTMANN,

    **Defendant.**

## DECISION AND ORDER

Plaintiff has filed a motion for a temporary restraining order and preliminary injunction. He asserts that defendants directed the opening of his legal mail and that "certain items" have been stolen since he filed this lawsuit. (Mot. at 1.) Plaintiff also asserts that he has been harassed and sexually harassed at the directive of defendants by manipulation of the "U/A analysis system." Id. According to plaintiff, his name was drawn three times in a row without cause (presumably for a urine test), and that once a staff member said inappropriate things to him during a strip search. Plaintiff seeks an order to ensure that he is not subjected to staff retaliation, harassment, and legal mail tampering. He also seeks transfer to another institution and the return of legal evidence related to this case. Defendants contend that plaintiff has not met any of the requirements necessary to obtain the relief he seeks.

The factors considered in ruling on a temporary restraining order mirror those on motions for a preliminary injunction. 11A Charles Alan Wright, et al., Federal Practice and Procedure § 2951 (2d ed. 2013). The applicant must demonstrate that he is reasonably

likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest. Coronado v. Valleyview Pub. Sch. Dist. 365-U, 537 F.3d 791, 794-95 (7th Cir. 2008) (citing Christian Legal Soc'y v. Walker, 453 F.3d 853, 859 (7th Cir. 2006)). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied. Christian Legal Soc'y, 453 F.3d at 859; see Joelner v. Vill. of Wash. Park, 378 F.3d 613, 619 (7th Cir. 2004).

In this case, plaintiff claims that defendant Officer Barkovich was deliberately indifferent to his serious medical needs related to plaintiff's diabetes and that defendants Nurse Jaeck and Warden Dittman were negligent with regard to the condition. Plaintiff's assertions in the instant motion for the most part are not directly related to plaintiff's medical care claim. To the extent that they are alleged to be retaliatory actions based on this lawsuit, plaintiff has not set forth evidence implicating defendants in the actions. In short, plaintiff has not shown a reasonable likelihood off success on the merits with regard to the allegations from his motion. As such, the motion will be denied.

Finally, defendants filed a motion for summary judgment for failure to exhaust administrative remedies on October 14, 2013. Plaintiff's response was due on November 13, 2013. He has not filed a response or requested an extension of time to do so. Under

2

the circumstances, I will grant plaintiff additional time until December 16, 2013, to file his response to defendants' motion for summary judgment.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for a preliminary injunction/temporary restraining order (Docket 22) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's response to defendants' motion for summary judgment is due by **December 16, 2013**.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge