# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

TONY M. ALLEN,

        **Plaintiff,**

      **v.**                                **Case No. 13-CV-585**

C/O BARKOVICH, DAVID JAECK,
and WARDEN MICHAEL DITTMAN,

        **Defendants.**

---

## DECISION AND ORDER

Plaintiff claims that defendant Barkovich was deliberately indifferent to his serious medical need in violation of the Eighth Amendment and that defendants Jaeck and Dittman violated his rights under Wisconsin state law. Defendants have filed a motion for summary judgment as to Jaeck and Dittman. For the reasons set forth herein, defendants' motion will be granted.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## FACTS[1]

Plaintiff was confined at the Redgranite Correctional Institution (RGCI) at all times relevant.  He was allowed to proceed on his claim that Officer Barkovich was deliberately indifferent to his serious medical need when Barkovich forced plaintiff to walk up stairs when he was experiencing diabetic low blood sugar, causing him to pass out.  Plaintiff further claims that Nurse Jaeck and Warden Dittman negligently failed to measure plaintiff's blood sugar after the incident, and that Nurse Jaeck and Warden Dittmann later falsified plaintiff's medical records to cover up the error.

The Wisconsin Department of Corrections (DOC) maintains an Inmate Complaint Review System (ICRS) in Wisconsin adult correctional facilities.  The purpose of the ICRS

---

[1] This section is taken from Defendants' Proposed Findings of Fact and plaintiff's complaint.

is to afford inmates in adult institutions a process by which grievances may be expeditiously raised, investigated, and decided.

Plaintiff submitted two offender complaints relating to his claims in this case. One offender complaint, RGCI-2012-22182, was filed relating to defendant Barkovich and was exhausted through the ICRS. In that offender complaint, plaintiff states:

> On the date 10-18-12 at 10:00 p.m. C/O Barkovich stated to me to leave the day room eating, after I stated to C/O Lebron, Jr., that my sugar was low and which gave me a snack bag. I tried to explain to C/O II Barkovich that I'm a diabetic and my sugar was low and that I was dizzy. C/O Barkovich was very verbally [sic] and showed a lack of regard to my health. This is a violation of my 8th Amendment rights and due process which protect me from cruel & unusual punishment. I understand that RGCI has a policy of not eating in day room after 10:00 p.m. But due to my medical issue, C/O Barkovich should have been more concern[ed] of my health instead of forcing me to walk to my Room 273 w[hile] my sugar was low and I was dizzy. I'm a known diabetic and it's important that once I'm ill, I'm to either eat or take glucose tablets. C/O II Barkovich has a sensitivity issue with inmates and shows a lack of regard to inmates' health. By being insensitive to the issues at hand which could cause me to hurt myself by being low.

(Compl., Exh. 1.)

The second offender complaint, RGCI-2013-17104, was accepted by the Institution Complaint Examiner's (ICE) office and processed. (Smith Aff. ¶ 9; Rose Aff. ¶ 6; Exhs. 1001-1002.) Plaintiff submitted Offender Complaint RGCI-2013-17104 on September 3, 2013, and it relates in part to his claims against Jaeck and Dittman. The ICE recommended that the offender complaint be dismissed and the reviewing authority accepted that recommendation and dismissed RGCI-2013-17104 on September 20, 2013. Plaintiff appealed to the Corrections Complaint Examiner (CCE) on October 2, 2013. The CCE Office has reviewed RGCI-2013-17104 and a recommendation has been made to the

Office of the Secretary (OOS).  As of the date of defendants' motion for summary judgment, the OOS awaited a decision and/or request for further action at that level.

Plaintiff did not file any other offender complaints related to his claims against Jaeck and Dittman.

ANALYSIS

Defendants contend that plaintiff's claims against Jaeck and Dittman should be dismissed because he failed to exhaust administrative remedies.[2]  Because the claims against Jaeck and Dittman are state-law claims rather than federal-law claims, I analyze defendants' exhaustion argument under the Wisconsin Prison Litigation Reform Act (PLRA) rather than the federal PLRA.  See 42 U.S.C. § 1997e(a) (federal exhaustion requirement applies to actions under § 1983 and federal law).

Wisconsin's PLRA, codified at Wis. Stat. § 801.02(7)(b), provides:

No prisoner may commence a civil action or special proceeding, including a petition for a common law writ of certiorari, with respect to the prison or jail conditions in the facility in which he or she is or has been incarcerated, imprisoned or detained until the person has exhausted all available administrative remedies that the department of corrections has promulgated by rule or, in the case of prisoners not in the custody of the department of corrections, that the sheriff, superintendent or other keeper of a jail or house of correction has reduced to writing and provided reasonable notice of to the prisoners.

The ICRS within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials.  Wis. Admin. Code § DOC 310.01(2)(a).  Before an inmate may commence a civil action, the

---

[2]Defendants also contend that plaintiff's claims against Jaeck and Dittman should be dismissed because he failed to comply with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82.  However, I need not reach this issue.

inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule.  Wis. Admin. Code § DOC 310.05.  The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints."  Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint.  Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6).  Complaints submitted later than fourteen days after the event may be accepted for good cause.  Wis. Admin. Code § DOC 310.09(6).  After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority."  Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11).  The appropriate reviewing authority makes a decision within ten days following receipt of the recommendation.  Wis. Admin. Code § DOC 310.12.  Within ten days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the CCE.  Wis. Admin. Code § DOC 310.13(1).   The CCE reviews the appeal and makes a recommendation to the Secretary of the DOC.  Wis. Admin. Code § DOC 310.13(6).  The Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation.  Wis. Admin. Code § DOC 310.14(2).

Plaintiff contends that the inmate complaint he filed against Barkovich, RGCI-2012-22182, exhausted his administrative remedies as to Jaeck.  However, the offender complaint complains only about Barkovich's actions.  See supra. at 3.  It does not mention plaintiff's allegations about Jaeck or Dittman, which are distinct.  Thus, RGCI-2012-22182 did not exhaust his remedies as to the two defendants.

5

Although plaintiff's second offender complaint, RGCI-2013-17104, does mention his claims against Jaeck and Dittman, plaintiff filed the offender complaint on September 3, 2013, well after he commenced this lawsuit on May 28, 2013. In order to exhaust his administrative remedies, plaintiff was required to complete the exhaustion process <u>before</u> he commenced this action. <u>See</u> Wis. Stat. 801.09(7)(b); Wis. Admin. Code § DOC 310.05; <u>Hensley v. Endicott</u>, 2001 WI 105 ¶ 7, 245 Wis. 2d 607, 629 N.W.2d 686 (the plain language of the PLRA requires prisoners to exhaust all their administrative remedies prior to challenging a condition in their respective facilities through any civil actions). Since he did not, I must grant defendants' motion for summary judgment for failure to exhaust administrative remedies as to Jaeck and Dittman. <u>See</u> <u>Elkins v. McCaughtry</u>, 2003 WI App. 111 ¶ 11, 264 Wis. 2d 893, 664 N.W.2d 126 (unpublished) (quoting <u>Pozo v. McCaughtry</u>, 286 F.3d 1022, 1023-24 (7th Cir. 2002)).

**THEREFORE, IT IS ORDERED** that defendants' motion for partial summary judgment (Docket # 25) is **GRANTED** and that plaintiff's claims against Jaeck and Dittman are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the court sets the following Scheduling Order: the deadline for the completion of discovery is **September 15, 2014**, and the dispositive motion filing deadline is **October 20, 2014**.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2014.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge